## Mary Louise McDonald *vs.* F. W. Woolworth Co.

MAY 21, 1941.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence which was tried in the superior court to a jury. The case is now before this court on the plaintiff's exception to the granting of a motion, made by the defendant at the conclusion of all the evidence, that the trial justice direct a verdict in its favor.

It appeared from the evidence that about 5:30 p. m. on February 13, 1939 the plaintiff, then fifty-six years old, and

a friend entered the defendant's store on Westminster street in Providence in order to purchase some articles. After walking around on the street floor of the store for a few minutes, they started to go down a flight of stairs to the basement of the store, where the articles which the plaintiff intended purchasing were on sale. This flight of stairs consisted of some eight or ten steps and was fairly broad. A railing extended down its center lengthwise from the top at the street floor level to a large platform or landing from which further stairs led to the basement proper.

The plaintiff, with her left hand on the railing, started down the right side of these stairs in the direction in which she was proceeding. Her friend had hold of the plaintiff's right elbow. On taking the first step down from the street floor level the plaintiff fell forward on the said stairs in such a way that when she landed her head was on the platform below and her feet extended up the stairs. This fall caused the injuries for which she is seeking damages.

In general, the plaintiff's allegation in her declaration is that the stairs in question were dangerous and unsafe because of the presence of "some substance" which the defendant had negligently allowed to accumulate thereon, and which caused plaintiff to slip and fall while walking on said stairs. In her bill of particulars the plaintiff described this alleged substance as "a plaster like substance the exact composition of which is unknown to plaintiff."

In her testimony plaintiff described her fall as follows: "Q. Tell us what happened when you entered that store. . . . A. First we went in the store and looked around upstairs on the first floor and what I had to buy was downstairs and I started to go down the stairs and I stepped on something and it turned me over and I fell, all my length, my feet up the stairs. . . ."

In cross-examination she testified as follows: "Q. So that you took hold of the railing with your left hand? A. Yes,

sir. Q. And as you walked down the stairway you continued to grasp this railing with your left hand, didn't you? A. No, because I—the first step I took I tripped over something. Q. So that when you tripped, as you say, you had your hand on the railing? A. Yes. The first thing I did was to get hold of the railing. I put my foot on the step and I turned over." As to the step upon which she fell she testified: "Q. It wasn't the floor of the main floor but it was the next step you stepped? A. Yes."

It is clear, from the declaration and the bill of particulars, that the plaintiff rested her case on the theory that she fell because she stepped on or tripped over something which was on the first step of the stairway, and which she described as an alleged foreign substance in the nature of plaster. She makes no complaint as to the stairway itself or its construction.

While both the plaintiff and her companion testified that they were looking where they were going as they began to descend the stairs, although not directly down immediately in front of them at the first step, nowhere in the testimony does it appear upon what foreign substance the plaintiff stepped, if any, or what caused her to fall. There was also no testimony that her shoes were examined and that any plaster like substance appeared on them, or that after her fall either her companion or anyone else saw any such substance on the step in question.

The plaintiff, however, contends that there were certain inferences in her favor which should reasonably and legitimately be drawn from the evidence and, therefore, that the trial justice was in error in directing a verdict against her. It appeared from the evidence that, by reason of damage caused by the hurricane of September 1938, the defendant had been having certain repairs and renovations, such as carpentering, plastering and painting, done in its premises during January and February 1939.

The plaintiff and her companion each testified that, as they were about to descend the stairway, they noticed on the landing or platform below them two ladders against one of the walls, with a plank extending from one ladder to the other. The plaintiff also testified that she saw a man in white working clothes apparently on or near the landing. She further testified that after she fell her coat was dirty, and that it was "all full of the mortar like when they were making a new wall or taking down an old wall." The plaintiff's companion gave evidence that the plaintiff's coat was dirty after she fell and that the witness saw mortar or plaster on the stairway as they started to descend; but no witness ever placed such substance on the particular stair on which the plaintiff claimed she stepped on something or tripped.

It is well settled that, on the defendant's motion for a directed verdict, it was the duty of the trial justice to view all the evidence most favorably to the plaintiff, and to give consideration to such reasonable inferences from that evidence as might be favorable to her. On such a motion he does not pass upon the credibility of the witnesses or the weight of their testimony. Having in mind such principle, and assuming, without deciding, that it was not necessary, because of the fact that the defendant had contracted to have repairs made in close proximity to the stairway in its store, for the plaintiff to prove either actual or constructive notice to the defendant of the presence of a plaster like substance on the steps in question, we are of the opinion that the trial justice properly performed his said duty under the facts and circumstances appearing in evidence, and that he did not commit error in directing a verdict for the defendant.

Such evidence as appears in the case in support of the plaintiff's claim that the defendant is liable for her accident is lacking in definiteness, especially in regard to matters of vital importance to her case; yet her claim rests on inferences drawn from that evidence. For example, in connection

with the evidence to which we have hereinbefore referred, it may be noted that there is no testimony that, at the time the plaintiff and her companion stated they noticed on the landing the ladders and plank, men were then working thereon, or that work of any kind, plastering or otherwise, was being performed. Further, nowhere in the plaintiff's own testimony did she state that she saw plaster or mortar on the step from which she fell, or even anywhere on the stairway. Neither did the plaintiff's companion, who testified to seeing mortar or plaster on the stairway, in her testimony place any such substance on the first step where the plaintiff allegedly tripped or slipped.

Even if we accept as correct, as is our duty in considering the exception before us, the testimony of the plaintiff that there was a substance like mortar on her coat, after she fell to the foot of the stairway, and the testimony of her companion that she saw mortar or plaster "on the stairway", in our opinion such testimony would not reasonably support the inference that the plaintiff stepped on some substance like plaster on the top step of the stairway thereby causing her to fall.

In the first place, it may be noted that the ladders and plank, which the plaintiff and her companion refer to in their testimony, were on the landing at the foot of the stairway, whereas the plaintiff fell from the first step as she started down, and that when she was assisted to her feet she was at the bottom of such stairway on the landing. Assuming, for the purpose of this exception, that repair work of some sort had been performed on the walls at the landing prior to the plaintiff's fall, it does not appear that there was any foreign substance of any kind on the step on which she put her foot when she fell.

Further, the testimony of the plaintiff's companion that she saw mortar or plaster "on the stairway" is confined to that bald statement, and is without detail and unexplained.

She did not state, where on the stairs the mortar or plaster in question was located, nor that the walls near the top step were being repaired. There is a duty on the plaintiff to show by direct evidence, or by reasonable inferences, the causal connection between her fall and the defendant's negligence upon which she relies to establish her case. However, as we have indicated, there is no showing here that there was' any mortar or plaster on the step from which the plaintiff fell; that she stepped on any such substance on that step, or in fact what caused her to fall. From the circumstances and facts appearing in evidence in the instant case, we are of the opinion that the inference upon which the plaintiff relies, *viz.,* that she stepped on a plaster like substance on the top step and that this caused her to fall, would not be a reasonable inference, but would be an inference resting on other inferences. It therefore would be in the nature of conjecture or speculation and would not raise an issue which required submission to the jury.

In our judgment the present case is in general governed by the principles of law which this court has set out in the following cases, although the facts herein are dissimilar. See *Ziegler* v. *Providence Biltmore Hotel Co.,* 59 R. I. 326; *Wyzga* v. *The David Harley Co.,* 60 R. I. 480; *Da Rosa* v. *First National Stores, Inc.,* 62 R. I. 213. In all of the above cases directed verdicts for the defendants were sustained.

The plaintiff's exception is overruled and the case is remitted to the superior court for the entry of judgment for the defendant on the verdict as directed.

*Fred J. O'Donnell,* for plaintiff.

*Henry M. Boss,* for defendant.